UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO MARTIN, on behalf of himself and all other similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>HALSTED FINANCIAL SERVICES, LLC,<br><br>Defendant. | Case No. |

## COMPLAINT

Plaintiff, ANTONIO MARTIN, by his undersigned attorneys, for his Complaint against the Defendant HALSTED FINANCIAL SERVICES, LLC., alleges as follows:

### NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named individual plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act. It is also brought as a Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq. and the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*("IWPCA").

2. Plaintiff Antonio Martin was employed by Defendant in connection with the Defendant's business of debt collection.

3. Defendant Halsted Financial Services, LLC., ("Halsted Financial") implemented a common scheme whereby Plaintiff and all other similarly situated employees were not paid for

all hours worked and were not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

4. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of employees of the Defendant who were account representatives/collection agents employed by Defendant Halsted Financial. Defendant knowingly and willfully failed to pay their wages in accordance with applicable federal law, including but not limited to overtime wages that were improperly underpaid due to Defendant's common compensation policy. Plaintiff seeks redress on behalf of himself and all others similarly situated. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a class action under Illinois law pursuant to Rule 23, F.R.C.P.

5. Upon information and belief, at all times hereinafter mentioned, Defendant Halsted Financial was and still is a domestic limited liability corporation with its headquarters in Skokie, Illinois.

**JURISDICTION AND VENUE**

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as it conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**GENERAL ALLEGATIONS**

8. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay its account representatives for all hours worked and for denying them overtime pay for all hours worked in excess of forty hours each workweek.

9. At all times relevant, Plaintiff and all other account representatives were non-exempt employees of Defendant Halsted Financial as defined by the FLSA. Plaintiff was employed by the Defendant from May 2013 until March 12, 2015.

10. At all times relevant, Halsted Financial was an employer, as defined by the FLSA and Illinois state law.

11. Defendant Halsted Financial is engaged in interstate commerce as that term is used in the FLSA.

12. At all times relevant, Plaintiff and all misclassified employees, in their capacity as employees of Defendant Halsted Financial, were engaged in interstate commerce.

13. During the course of employment with Defendant Halsted Financial, employees, such as Plaintiff Martin, were not exempt from minimum wage and/or overtime wages. However, the employees were paid an hourly rate only, were not paid for all hours worked, and did not receive overtime compensation as required by the FLSA and the IMWA.

14. During the course of all their employment with Defendant Halsted Financial, the employees routinely worked in excess of 40 hours per week. For example, Plaintiff Martin typically worked more than 60 hours a week.

15. Despite the fact that the employees were not exempt, Defendant Halsted Financial did not pay the employees the proper wages they were owed, including payment for all hours worked and payment of overtime wages for work in excess of 40 hours per week.

16. Plaintiffs are entitled to actual and liquidated damages for Defendant's actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

17. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

18. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of himself and the following class of persons: All employees treated as independent contractors who worked for Defendant Halsted Financial at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

19. All putative members of the class are similarly situated because, inter alia, they all had similar duties; performed similar tasks; were entitled under the FLSA to be paid for all hours worked, and paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendant's unlawful practices and policies.

20. Defendant has encouraged, permitted, and required the employees to work without overtime compensation.

21. Defendant has known that Plaintiff and other members of the FLSA Class have performed unpaid work and have been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class all compensation for work in excess of 40 hours in a week.

22. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

23. Plaintiff realleges and incorporates by reference all the above allegations.

24. Under the FLSA, the employees (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek.

25. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

26. Defendant failed to compensate The FLSA Class for all of the hours that they worked for Defendant.

27. Defendant also failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

28. Defendant's violation of the FLSA for failure to pay The FLSA Class minimum and overtime wages was willful and deliberate.

29. Upon information and belief, Defendant's practice as described above was not approved in writing by the United States Department of Labor.

30. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

30. Due to Defendant's violation of the FLSA, The FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

31. Plaintiff also brings this action as a class action on behalf of himself and all other persons similarly situated in Illinois, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23, F.R.C.P.

### Class Action Law

32. Rule 23 provides that a cause of action may be maintained as a Class Action if:

   a. The Class is so numerous that the joinder of all members is impracticable;

   b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members;

   c. The representative parties will fairly and adequately protect the interest of the Class; and,

   d. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

### Proposed Class

33. Plaintiff seeks certification of the following classes:

"All individuals who were classified and paid by the Defendant as independent contractors."

### The Employee Class Meets the Requirements for Class Certification Numerosity

33. The Class satisfies the numerosity standards. On information and belief, at the time this complaint was filed, Halsted Financial had approximately fifty employees classified as independent contractors. Over the last five years, there have been at least another fifty employees who worked at Halsted Financial and who have the same claims as the Plaintiff. There is no question therefore that this lawsuit encompasses up to 100 potential claimants. The proposed Class can be identified and located using Defendant's payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

### Common Questions of Fact or Law

34. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant failed to pay Plaintiff and Class members all compensation due them;

   b. Whether Defendant failed to pay Plaintiff and Class members all overtime compensation due to them;

   c. Whether Plaintiff and the Class were expected to work in excess of 40 hours per week;

   d. Whether Plaintiff and the Class worked in excess of 40 hours per week;

   e. Whether Defendant's practices violate provisions of the Illinois Minimum Wage Law;

   f. Whether Defendant's practices violate provisions of the Illinois Wage Payment and Collection Act;

   g. Whether the Defendant's failure to pay compensation, including overtime, was willful;

   h. Whether Plaintiff and the Class have suffered damages and the proper measure of those damages;

   i. Whether Defendant withheld commissions owed to Plaintiff and the Class; and,

   i. Whether such withholdings constitute a breach of contract by Defendant.

35. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

36. Plaintiff's claims are typical of the claims of the Class members. The named Plaintiff suffered similar injuries as those suffered by other Class members as a result of Defendant's failure to pay wages, including overtime compensation, for all hours actually worked.

### Adequacy

37. The named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the Class will be fairly and adequately protected by the named Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant or substantially impair or impede the ability of class members to protect their interests.

## COUNT II
## FAILURE TO PAY WAGES EARNED UNDER ILLINOIS LAW

40. Plaintiff repeats and re-alleges the above paragraphs.

41. Illinois law provides that "every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." Illinois Wage Payment & Collection Act, 820 ILCS §115/3 *et seq*.

42. The employment agreement between Plaintiff and the Defendant provided for payment of all hours worked by Plaintiff and the Class.

43. Defendant failed to pay the Plaintiff and members of the Class for all hours worked.

44. The foregoing actions of Defendant constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS §115/3 *et seq*. Defendant's actions were willful and not in good faith.

45. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq*.

## COUNT III
## FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

51. Plaintiff repeats and re-alleges the above paragraphs.

52. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq*.

53. Defendant failed to pay Plaintiff for overtime hours worked. Upon information and belief, Defendant also failed to pay other members of the Plaintiff class for overtime hours worked.

54. The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

55. Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiff and the misclassified employees;

2. Order the disgorgement of all monies improperly retained or obtained by Defendant;

3. Enter an order declaring that Defendant willfully violated the wage and overtime provisions of the FLSA and the IMWA;

4. Award Plaintiff and the Class damages in the amount of wages and overtime wages required by the FLSA and the IMWA improperly denied them by Defendant's actions;

5. Award Plaintiff liquidated damages equal to Plaintiff's unpaid wages and overtime compensation under the FLSA;

6. Award Plaintiff punitive damages;

7. Award Plaintiff prejudgment interest pursuant to the IMWA;

8. Award Plaintiff post-judgment interest;

9. Award Plaintiff reasonable attorneys' fees as well as the costs of this action;

10. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: MARCH 13, 2015  Respectfully submitted,

ANTONIO MARTIN

By: ____/s/ Terrence Buehler_____
Terrence Buehler
**Touhy, Touhy, & Buehler, LLP**
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601
Telephone: (312) 372-220929


Peter Lubin
Vincent DiTommaso
**DiTommaso-Lubin**
DiTommaso-Lubin P.C.
The Oak Brook Terrace Atrium
17W220 22d Street, Suite 200
Oak Brook Terrace, IL 60181